[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-13813
Non-Argument Calendar

_____

D.C. Docket No. 8:18-cr-00234-MSS-SPF-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALLAN BURT GUINTO,
a.k.a. Big Beefy,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(March 13, 2020)

Before ED CARNES, Chief Judge, GRANT, and LUCK, Circuit Judges.

PER CURIAM:

Allan Guinto pleaded guilty to conspiracy to commit murder in aid of

racketeering activity, murder in aid of racketeering activity, and accessory after the

fact.  As part of his plea agreement he waived the right to appeal in all but four

circumstances: the sentence exceeded the defendant's applicable guidelines range as determined by the district court; the sentence exceeded the statutory maximum; the sentence violated the Eighth Amendment; or the government first appealed.  He expressly waived his right to appeal on the ground that the district court "erred in determining the applicable guidelines range."  Guinto initialed or signed every page of his plea agreement, including the pages containing the appeal waiver provision.  He certified that he had either read the entire plea agreement or had it read to him.

During Guinto's change of plea hearing, the magistrate judge placed him under oath and questioned him to ensure that his plea was knowingly and voluntarily given.  Guinto testified to the following.  He was twenty-seven years old and was in college at the time.  He was not under the influence of drugs, alcohol, or medication.  He had been diagnosed with post-traumatic stress disorder, but he testified that it did not affect his ability to understand the agreement.

The court discussed all of the rights that Guinto was giving up in the plea agreement, as required under Federal Rule of Criminal Procedure 11.  Guinto paused the change of plea hearing so that he could discuss the appeal waiver with his attorney.  The court also explained the appeal waiver and the four circumstances in which he could appeal.

At his sentence hearing, the district court adopted the facts in the presentence report without objection.  The PSR recommended a base offense level of 40 and a criminal history of I.  The court increased the base offense level to 42 because murder in aid of racketeering activity allows for the possibility of life in prison and level 42 is the lowest offense level for defendants with a criminal history level of I that allows for life in prison.  After hearing the parties' § 5K1.1 substantial assistance departure arguments, it sentenced Guinto to 144 months in prison.  Guinto now appeals, contending that the district court erred in its guidelines calculation by increasing his base offense level to 42.

We review de novo the validity of an appeal waiver.  United States v. Bushert, 997 F.2d 1343, 1352 (11th Cir. 1993).  An appeal waiver is enforceable if it is knowingly and voluntarily made by the defendant.  The government can establish that a waiver is knowingly and voluntarily made by showing that "the district court specifically questioned the defendant about the provision during the plea colloquy."  United States v. Weaver, 275 F.3d 1320, 1333 (11th Cir. 2001).

Guinto's appeal waiver was knowingly and voluntarily made.  The court specifically questioned him about the appeal waiver; he testified that he was competent to make a plea and that he understood he was giving up his right to appeal in all but the four listed exceptions.  Guinto does not contend that any of those four exceptions apply here.

3

**DISMISSED.**